MEMORANDUM * Brenda M. Diedrich appeals the district court’s order affirming the Commissioner of Social Security’s (the “Commissioner”) denial of Diedrich’s application for Social Security Disability Insurance (“SSDI”) benefits under Title II of the Social Security Act. In a separately filed opinion, we reverse in part the district court’s decision on several grounds. In this memorandum disposition, we reject several additional challenges to the Administrative Law Judge’s (“ALJ”) decision, affirming in part on those grounds. We have jurisdiction to decide this appeal under 28 U.S.C. § 1291. 1. The ALJ did not err by not mentioning the January 2007 Personality Assessment Inventory (“PAI”) in its decision. ALJs “need not discuss all evidence presented to [them]. Rather, [they] must explain why significant probative evidence has been rejected.” Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (internal quotation marks omitted). We conclude that while the PAI may have been probative, it was not significant. Dr. Leslie Morey cautioned in his report that the conclusions from the test “should be viewed as only one source of hypotheses,” that “[n]o decisions should be based solely on the information contained in this report,” and that the information “should be integrated with all other sources of information in reaching professional decisions about [Diedrich].” Dr. Morey also expressed that the report was “intended for use by qualified professionals only,” and “should not be released [to Diedrich].” These qualifications show that the purpose of the PAI was to assist with future diagnosis and treatment, not to give any definitive answers concerning Died-rich’s symptoms or diagnoses. The ALJ did not err by not mentioning the PAI in its decision. 2. The ALJ also did not err in not considering erosion of Diedrich’s occupational base. At step five, the Commissioner bears the burden of showing that the claimant can perform some work different from the claimant’s past work that exists in significant numbers in the national economy. Lockwood v. Comm’r Soc. Sec. Admin., 616 F.3d 1068, 1071 (9th Cir. 2010). “The Commissioner can meet this burden in one of two ways: (a) by the testimony of a vocational expert [“VE”], or (b) by reference to the Medical-Vocational Guidelines.” Id. (internal quotation marks omitted). Determining whether any additional limitations on the claimant’s ability to work “erode” the occupational base is a step necessary to determine, based on the Medical-Vocational Guidelines, the number of jobs the claimant is able to perform. But here, the ALJ relied on a VE, not the Medical-Vocational Guidelines, to determine that Diedrich could perform work existing in significant numbers in the national economy. We conclude that the ALJ was not required to assess erosion of Died-rich’s occupational base. 3. The ALJ’s step five finding that Died-rich could perform work existing in significant numbers in the national economy is supported by substantial evidence. Died-rich contends that the ALJ’s residual functional capacity (“RFC”) determination and hypothetical to the VE impermissibly left out any mention of Diedrich’s difficulties persisting with tasks. But both the hypothetical to the VE and the RFC determination included a restriction that Diedrich could perform only “simple” tasks. This “simple” tasks limitation incorporated and reflected Diedrich’s limitations as to persistence. See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008). Diedrich next contends that the ALJ did not permit Diedrieh’s counsel to fully question the VE as to the basis and methodology underlying the VE’s job numbers testimony, as well as to the VE’s qualifications. But the ALJ allowed Diedrich’s counsel to ask the VE several questions along these lines, and even after cutting Diedrich’s counsel off for time reasons, gave Diedrich an opportunity to submit further briefing on the issue. Finally, Diedrich contends that the ALJ could not rely on the VE’s job numbers testimony because the record did not reflect whether the VE gave testimony based on reliable methods and data. Diedrich argues that the principles governing the admission of expert testimony in federal court should govern whether the ALJ may accept the testimony of a VE. See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589, 113 S.Ct. 2786, 126 L.Ed.2d 469 (1993). But the Federal Rules of Evidence are inapplicable in Social Security hearings. Bayliss v. Barnhart, 427 F.3d 1211, 1218 n.4 (9th Cir. 2005). Rather, “[a]n ALJ may take administrative notice of any reliable job information, including informiation provided by a VE,” and the “VE’s recognized expertise provides the necessary foundation for his or her testimony.” Id. at 1218. As a result, “no additional foundation is required.” Id. We conclude that the ALJ’s step five finding was supported by substantial evidence. The Commissioner shall bear all costs on appeal. AFFIRMED in part, REVERSED in part, and REMANDED, This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.